Eric Stahl
Texas Bar No. 00794685
Law Offices of Eric T. Stahl
3212 Drexel Dr.
Dallas, TX 75205
(214) 509-7118
*office@etstahl.com*

John Dee Spicer
Texas Bar No. 18930500
Cavazos Hendricks Poirot, P.C.
900 Jackson Street, Suite 570
Dallas, TX 75202-4425
(214) 573-7300
*jspicer@chfirm.com*

Tim D. Newsom
Texas Bar No. 00784677
Law Offices of Frank L. Branson, P.C.
4514 Cole Avenue, Suite 1800
Dallas, TX 75205
(214) 522-0200
*tnewsom@flbranson.com*

Jeffrey S. Levinger
Texas Bar No. 12258300
Levinger PC
1700 Pacific Avenue, Suite 2390
Dallas, TX 75201
(214) 855-6817
*jlevinger@levingerpc.com*

COUNSEL FOR CREDITOR TIBURON LAND AND
CATTLE, LP and TREK RESOURCES, INC.

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | |
| KERWIN BURL STEPHENS, | § § | Case No.: 21-40817-elm-11 |
| THUNDERBIRD OIL & GAS, LLC, | § § | Case No.: 21-41010-elm-11 |
| THUNDERBIRD RESOURCES, LLC, | § § | Case No.: 21-41011-elm-11 |
| Debtors. | § § § | Jointly Administered Under Case No. 21-40817-elm-11 |

## CREDITORS TIBURON LAND AND CATTLE, LP AND TREK RESOURCES, INC.'S RESPONSE TO REORGANIZED DEBTOR'S MOTION TO ENFORCE PLAN AND PLAN INJUNCTION

COMES NOW, Tiburon Land and Cattle, LP and Trek Resources, Inc., creditors in the above styled and numbered cases (collectively, the "Creditors" and/or "Plaintiffs"), and files this response (the "Response") in opposition to the *Motion to Enforce Plan and Plan Injunction* [Docket No. 594] (the "Motion"), filed by Kerwin Stephens, as the Reorganized Debtor (the "Reorganized Debtor"), in the jointly administered case referenced above and in support thereof would respectfully show the Court as follows:

### Summary of Response

The Debtor admits the relief requested in the Motion is premature[1] and yet as a delay tactic have obtained a stay in the state court case relating to this issue (see Exhibits "A" and "B"). The Motion attempts to limit interest accruing on the allowed claim of the Plaintiffs to the federal rate of interest[2] pursuant to Section 726(b)(5) of the Bankruptcy Code. The federal rate of interest does not apply to the accrual of interest on the Plaintiffs' claim prior to the Petition Date[3]. Pre-judgment interest is compensation for the lost time-value of money between the time the claim accrued and the day the judgment is signed[4]. This rate currently is 6.75%[5] and begins the earlier of (i) the 180th day after the defendant received written notice of the claim or (ii) the date suit was filed[6]. This pre-judgment interest runs through the date judgment is rendered (signed) and would be applicable to the Plaintiffs' claim as of the Petition Date.

As a general rule, creditors are not entitled to interest on and after the Petition Date[7]. Section 726(b)(5) provides an exception and allows for the accrual of interest after the Petition Date if the debtor is solvent. Therefore, the calculation of interest on and after the Petition Date will only become applicable if the proceeds from the sale of the property to be liquidated under the Debtor's Plan[8] exceeds the allowed claims to be paid under the Plan; that is, in the event the liquidation of the property to be sold under the Plan result in proceeds creating a surplus to be returned to the Debtor.

---

[1] *See* Paragraph 19 on Page 5 of the Motion [Docket No. 594].
[2] *See* 28 U.S.C. § 1961(a).
[3] Here, April 7, 2021.
[4] *See* Tex. Fin. Code Ch. 304, Subchapter B.
[5] *See* Tex. Fin. Code § 304.003.
[6] Tex. Fin. Code § 304.104; *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 460 (N.D. Tex. 2016), aff'd as modified and remanded, 725 Fed. Appx. 256 (5th Cir. 2018).
[7] *See* 11 U.S.C. § 502(b)(2).
[8] Fourth Amended Plan dated February 2, 2026 [Docket No. 551].

**Creditors Tiburon Land and Cattle, LP and Trek Resources, Inc.'s**
**Response to Motion to Enforce Plan**                                     **Page 2 of 9**

The issue next becomes the appropriate interest rate to apply if the Debtor proves to be solvent. The Fifth Circuit[9] opined that in a solvent estate the appropriate interest rate accruing on and after the Petition Date is the default rate of interest[10] rather than the federal rate of interest. The *Ultra* court specified that the federal legal rate of interest, while having application under Section 726(b)(5), "only sets a floor – not a ceiling[11]." The Plaintiffs' claim is tied to a litigation recovery and so there is no "contract rate" of interest. Instead, the state statutory rate applies as to the interest calculation[12]. Therefore, the pre-judgment interest rate of 6.75% should apply to the Plaintiffs claim through the date that the state court renders a judgment liquidating the Plaintiffs' claim. The post-judgment interest rate will apply after the judgment is rendered. The post-judgment rate is the prime rate as published by the Federal Reserve, floored at 5% and capped at 15% (currently 6.75%)[13]. However, unlike pre-judgment interest, post-judgment interest compounds annually[14].

The Debtor asserts that the bankruptcy court has already determined that the Plaintiffs' claim will accrue interest at the federal rate of interest. The Plan[15] does not specify an interest rate in the definition section[16] of the Plan. The Plan does provide that the Plaintiffs shall receive interest at the legal rate provided by Section 726(b)(5) of the Bankruptcy Code[17]. The Plan also provides that the interest rate of the claims of the Plaintiffs "shall mean the federal judgment rate of interest pursuant to 28 U.S.C. section 1961."

---

[9] *See generally Ultra Petroleum Corp. v. Ad Hoc Committee of OpCo Unsecured Creditors (In re Ultra Petroleum Corp.)*, 51 F.4th 138 (5th Cir. 2022).
[10] That is, the contractual default rate.
[11] *In re Ultra Petroleum Corp.*, 51 F.4th 138, 159 (5th Cir. 2022)
[12] *In re Hicks*, 653 B.R. 562, 570 (Bankr. N.D. Ill. 2023) (citing *In re Ultra Petroleum Corp.*, 51 F.4th 138 (5th Cir. 2022)).
[13] Tex. Fin. Code § 304.003.
[14] *See* Tex. Fin. Code § 304.003 and 304.006.
[15] Fourth Amended Plan dated February 2, 2026 [Docket No. 551].
[16] *See* Article II of the Plan [Docket No. 551].
[17] *See* Article V, Section 5.1(f) of the Plan [Docket No. 551].

**Creditors Tiburon Land and Cattle, LP and Trek Resources, Inc.'s**
**Response to Motion to Enforce Plan**                                    **Page 3 of 9**

The Order Confirming the Plan mentions the federal interest rate in two sections; one relating to a discussion of the best interest of creditors test under Section 726(a)(5)[18] and the other relating to the general application of Section 726(a)(5) to the Plan[19]. However, as the Fifth Circuit noted, the federal interest rate, while applicable, is intended to set a floor and not a ceiling on the appropriate interest rate to be applied for a solvent debtor. The bankruptcy court has not heard evidence on the appropriate interest rate and should be part of the claim allowance process.

The Order Lifting the Stay[20] allowing the Plaintiffs' lawsuit to continue in the state court provides that the state court will render judgment relating to claims for legal relief asserted in Plaintiffs' proofs of claim. The order further provided that the bankruptcy court retains exclusive jurisdiction with respect to the allowance of the Plaintiffs' liquidated claims in the bankruptcy case. In this regard, the state court should render judgment and allow for pre-judgment and post-judgment interest as allowed by Texas law and statute. Thereafter, the bankruptcy court will determine the allowability of the judgment, including pre-judgment and post-judgment interest, in the bankruptcy case based on bankruptcy constructs.

The Debtor is attempting to confuse the interest issue by informing the state court[21] that only the federal rate of interest is applicable to any rendered judgment. The state court certainly should not be saddled with consideration of the nuances of Sections 502(b) and 726(a)(5) of the Bankruptcy Code, the effect of the Petition Date, the potential solvency or insolvency of the Debtor, the impact of the Plan, or the effect of the Order confirming the Plan when rendering its

---

[18] *See* Section 28 of the Order Confirming Plan [Docket No. 554].
[19] *See* Section 47 of the Order Confirming Plan [Docket No. 554].
[20] Docket No. 552.
[21] The state court, by letter dated June 10, 2026, informed the Plaintiffs and the Debtor that the court "finds that the Plaintiffs' Amended Motion for Judgment should be granted" with certain qualifications including requesting proposals from the parties on appropriate pre-judgment and post-judgment interest rates to apply to the judgment.

**Creditors Tiburon Land and Cattle, LP and Trek Resources, Inc.'s**
**Response to Motion to Enforce Plan**                                                    **Page 4 of 9**

judgment. These issues are in the purview of the bankruptcy court. As a result of the claims process in the bankruptcy case, the bankruptcy court will determine the extent of the allowance of the judgment (including pre-judgment and post-judgment interest under Texas statute) as rendered by the state court.

This is the fine point to the matter. The state court should enter a judgment for the amount of the legal damages owed the Plaintiffs as determined by the state court. The state court then will award appropriate pre-judgment interest at the state statutory rate up until the date the judgment is rendered. The state court then will award appropriate post-judgment interest at the state statutory rate from on and after the date the judgment is rendered. The Plaintiffs' claim in the bankruptcy case will be the amount of the rendered judgment plus the pre-judgment interest accruing up and until the Petition Date. The Plaintiffs will be entitled to interest on and after the Petition Date only if the Debtor is found to be solvent. If solvency exists, the bankruptcy court must determine if the interest accruing on the Plaintiffs' claim on and after the Petition Date is the interest rate determined by the state court or the lower federal interest rate as referenced in the Debtor's Plan relating to the best interest of creditors test.

**Response to Allegations of Motion**

1.      The allegations of Paragraph 1 of the Motion are ADMITTED.

2.      The allegations of Paragraph 2 of the Motion are ADMITTED.

3.      The allegations of Paragraph 3 of the Motion are ADMITTED.

4.      The allegations of Paragraph 4 of the Motion are ADMITTED.

5.      The allegations of Paragraph 5 of the Motion are ADMITTED.

6.      The allegations of Paragraph 6 of the Motion are ADMITTED in part and DENIED in part. In this regard, the Plaintiffs deny that the federal rate of interest applies other than providing

a floor for the interest accruing after the Petition Date if the Debtor is determined to be solvent. The bankruptcy court will determine the appropriate interest rate on and after the Petition Date as part of the claims allowance process.

7. The allegations of Paragraph 7 of the Motion are ADMITTED in part and DENIED in part. In this regard, the Plaintiffs deny that the federal rate of interest applies other than providing a floor for the interest accruing after the Petition Date if the Debtor is determined to be solvent. The bankruptcy court will determine the appropriate interest rate on and after the Petition Date as part of the claims allowance process.

8. The allegations of Paragraph 8 of the Motion are ADMITTED in part and DENIED in part. In this regard, the Plaintiffs deny that the federal rate of interest applies other than providing a floor for the interest accruing after the Petition Date if the Debtor is determined to be solvent. The bankruptcy court will determine the appropriate interest rate on and after the Petition Date as part of the claims allowance process.

9. The allegations of Paragraph 9 of the Motion are ADMITTED.

10. The allegations of Paragraph 10 of the Motion are ADMITTED.

11. The allegations of Paragraph 11 of the Motion are ADMITTED in part and DENIED in part. In this regard, the Plaintiffs deny that the federal rate of interest applies other than providing a floor for the interest accruing after the Petition Date if the Debtor is determined to be solvent. The bankruptcy court will determine the appropriate interest rate on and after the Petition Date as part of the claims allowance process.

12. The allegations of Paragraph 12 of the Motion are ADMITTED in part and DENIED in part. In this regard, the Plaintiffs deny that the federal rate of interest applies other than providing a floor for the interest accruing after the Petition Date if the Debtor is determined

to be solvent. The bankruptcy court will determine the appropriate interest rate on and after the Petition Date as part of the claims allowance process.

13. The allegations of Paragraph 13 of the Motion are ADMITTED in part and DENIED in part. In this regard, the Plaintiffs deny that the federal rate of interest applies other than providing a floor for the interest accruing after the Petition Date if the Debtor is determined to be solvent. The bankruptcy court will determine the appropriate interest rate on and after the Petition Date as part of the claims allowance process.

14. The allegations of Paragraph 14 of the Motion are ADMITTED.

15. The allegations of Paragraph 15 of the Motion are DENIED. The Plaintiffs contend that state court should enter judgment, including appropriate interest rates under applicable Texas statutes, without regard to the Plan or the Order Confirming the Plan. Thereafter, the bankruptcy court will determine, through the claims process, if such judgment should be allowed, allowed in part, or disallowed, or disallowed in part.

16. The allegations of Paragraph 16 of the Motion are ADMITTED.

17. The allegations of Paragraph 17 of the Motion are DENIED. The state court should not be burdened with the applicability of the Plan or the Order Confirming the Plan but should render its judgment under state law and statute. It is the bankruptcy court that will determine the effect of the Plan and Order Confirming the Plan on the judgment rendered by the state court. The Debtor appears to leave the impression with the state court that the federal rate should apply to interest accruing both prior to the Petition Date and after the Petition Date. This is certainly a misstatement relating to the appropriate interest rate to be applied to the judgment prior to the Petition Date. The bankruptcy court will determine the appropriate interest rate to accrue after the Petition Date.

18.     The allegations of Paragraph 18 of the Motion are DENIED.

19.     The allegations of Paragraph 19 of the Motion are ADMITTED. The Motion is premature and the state court should not be burdened with the issues raised by the Debtor in the state court as relating to the appropriate interest rate for the judgment.

WHEREFORE, Plaintiffs respectfully request that the bankruptcy court deny all relief requested by the Debtor in the Motion and instruct the state court to proceed with rendering judgment.

Dated: August 10, 2026.

Respectfully submitted,

/s/ John Dee Spicer
John Dee Spicer
Texas Bar No. 18930500
jspicer@chfirm.com
900 Jackson Street, Suite 570
Dallas, TX 75202-4425
(214) 573-7300

Eric T. Stahl
Texas Bar No. 00794685
office@etstahl.com
LAW OFFICES OF ERIC T. STAHL
3212 Drexel Dr.
Dallas, TX 75205
(214) 509-7118

Tim D. Newsome
Texas Bar No. 00784677
tnewsom@flbranson.com
4514 Cole Ave., Suite 1800
Dallas, TX 75205
214-522-0200

Jeffrey S. Levinger
Texas Bar No. 12258300
jlevinger@levingerpc.com
1700 Pacific Ave., Suite 2390
Dallas, TX 75201
214-855-6817

**Counsel for Tiburon Land and Cattle LP and Trek Resources, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on August 10, 2026 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas, on all parties-in-interest submitting to service of papers in this case by said means.

/s/ John Dee Spicer
John Dee Spicer