CAUSE NO. DC-2013-00016

| | | |
|---|---|---|
| L.W. HUNT RESOURCES, LLC and RICHARD RAUGHTON, | § § § | IN THE DISTRICT COURT OF |
| Intervenors, | § § | |
| TIBURON LAND AND CATTLE, LP and TREK RESOURCES, INC., | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | FISHER COUNTY, TEXAS |
| CHESTER CARROLL, ALPINE PETROLEUM, KERWIN STEPHENS, THUNDERBIRD OIL & GAS, LLC, THUNDERBIRD LAND SERVICES, LLC, THUNDERBIRD RESOURCES, LLC, GAIL GOEBEL STEPHENS, and STEPHENS & MYERS, LLP | § § § § § § § § § | |
| Defendants, | § § | |
| v. | § § § | |
| L.W. HUNT RESOURCES, LLC and RICHARD RAUGHTON, | § § § | |
| Counter-Defendants. | § | 32nd DISTRICT COURT |

**DEFENDANTS KERWIN STEPHENS AND
THUNDERBIRD LAND SERVICES, LLC'S NOTICE OF
BANKRUPTCY FILINGS AND MOTION TO STAY**

Defendants Stephens and Thunderbird Land Services, LLC (collectively, the "Thunderbird

Defendants") respectfully request this Court to stay its activities in this Cause until the parties obtain

guidance over judgment interest (if any) from the United States Bankruptcy Court for the Northern

District of Texas, Fort Worth Division, Hon. Lee Morris presiding, for the following reasons:

**Summary of Argument**

The parties need guidance from the Bankruptcy Court as to whether and how much

"judgment interest" may appear in the Final Judgment against Kerwin Stephens in light of

paragraph 47 of the February 2, 2026 Bankruptcy Plan for Mr. Stephens.  This paragraph 47 was the subject of Thunderbird Defendant's "Reply Brief Re Proposed Final Judgment," filed July 7, 2026.  The Bankruptcy Plan is the Exhibit B to that Reply Brief.

A stay from this Court will enable the parties to obtain such guidance and will prevent this Court from issuing rulings and signing a Final Judgment that are or may become at odds with rulings and orders by the Bankruptcy Court.  Thunderbird Defendants will move to lift the stay as soon as the parties obtain full guidance from the Bankruptcy Court.

### Background Facts

On July 13, 2026, Plaintiffs replied to Thunderbird Defendants' Reply Brief (filed July 7). Plaintiffs argued against Thunderbird Defendant's construction of the Bankruptcy Plan.  Clearly the parties have a dispute over their respective interpretations of the Plan's paragraph 47.

Moreover, in addition to their judgment interest-dispute over paragraph 47, the parties have other fundamental disagreements over judgment interest, as shown in Thunderbird Defendant's "Objections to Proposed Final Judgment," filed June 30, 2026, and "Supplemental Objections to Proposed Final Judgment," filed July 1, 2026.

On July 17, 2026, in the Bankruptcy Court, Mr. Stephens filed the "Motion to Enforce Plan and Plan Injunction" (attached as **Exhibit 1**[1]) and "Motion to (A) Determine Extent of Automatic Stay, (B) Enforce Automatic Stay, and (C) Related Relief" in Bankruptcy Court (attached as **Exhibit 2**).  Mr. Stephens is awaiting the Bankruptcy Court's hearing on these two motions.

Both motions will address whether and how much judgment interest should appear in any Final Judgment against Mr. Stephens from this Court.  Also, both motions will address the effects of the continuing Bankruptcy Stay (only partially lifted) over proceedings in this Court, including

---

[1]     This Motion references an Exhibit A, which is merely the Plaintiffs' July 13, 2026 reply brief, and which is not included herein.

a potential Final Judgment against Mr. Stephens from this Court.

**Applicable Law & Argument Thereunder**

When a suit is brought against a party in bankruptcy, the suit is subject to an automatic stay which abates any judicial proceeding against that party. *See* 11 U.S.C. § 362; *In re Southwestern Bell Telephone Co.*, 35 S.W.3d 602, 604 (Tex. 2000). The purposes of the bankruptcy stay are to protect the debtor's assets, to provide temporary relief from creditors, and to further the equity of distribution among the creditors by forestalling a race to the courthouse. *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). A judgment or a court order that violates the bankruptcy code's automatic stay is void. *Continental Casing Corporation v. Samedan Oil Corporation*, 751 S.W.2d 499, 501 (Tex.1988).

Texas courts are supposed to "strictly construe an order modifying the automatic stay." *Dickinson v. Dickinson*, 324 S.W.3d 653, 656 (Tex. App.—Fort Worth 2010, no pet.). Such strict construction would apply to the continuing Bankruptcy Stay, which is only partially lifted for the proceedings in this Court. *See* **Exhibit 3**: "Order Granting in Part, and Denying in Part, Third Motion to Lift Stay Filed by Tiburon Land and Cattle, L.P., and Trek Resources, Inc.," signed February 2, 2026.

Under the current procedural posture – wherein the Bankruptcy Court has partial lifted the Bankruptcy Stay and has not yet given guidance on the disputed judgment interest issues – this Court has discretion over whether to stay its proceedings. Respectfully submitted, this Court should stay its proceedings pending guidance from the Bankruptcy Court over judgment interest (if any) in the proposed Final Judgment.[2] Furthermore, respectfully submitted, this Court should exercise

---

[2] *See, e.g.*, *Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.*, 794 S.W.2d 944, 946-47 (Tex. App. -- Houston [1st Dist.] 1990, no writ); *Alpine Gulf, Inc. v. Valentino*, 563 S.W.2d 358, 359-60 (Tex. App. -- Houston [14th Dist.] 1978, writ ref'd n.r.e.) (both addressing trial-court discretion to stay proceedings pending litigation activity in another state or federal court).

---

comity in favor of the Bankruptcy Court, thereby allowing such Court to construe (a) its Bankruptcy Plan for Mr. Stephens; (b) the Bankruptcy Stay (only partially lifted); and (c) a proposed Final Judgment from this Court, which may become the subject matter of "proofs of claim" in future bankruptcy litigation.

Respectfully submitted, were this Court to make rulings on judgment interest that conflict with the guidance that Thunderbird Defendants are currently seeking from the Bankruptcy Court, then the parties and both Courts will engage in *more* work and court proceedings than if this Court merely stays its proceedings as requested. A stay of these proceedings promotes efficiency and judicial economy for two Courts: this one and the Bankruptcy Court.

Thunderbird Defendants will move to lift the stay, once the parties have obtain full guidance from the Bankruptcy Court over judgment-interest issues and related issues.

### Prayer

For the foregoing reasons, Thunderbird Defendants pray that this Court stay its proceedings until the parties can obtain guidance over judgment interest (if any) in the proposed Final Judgment. They are providing an Order granting such stay with this Motion to Stay.

In addition to the foregoing request, Thunderbird Defendants pray that the Court grant their Supplemental Objections to the proposed Final Judgment, along with their previous Objections filed June 30, 2026. Further, no evidence supports the jury's findings that would entitle Plaintiffs to a judgment and the evidence conclusively proves, or establishes as a matter of law, that Thunderbird Defendants bear no liability on Plaintiffs' claims. Accordingly, the Thunderbird Defendants respectfully request that the Court disregard those jury findings and enter a take-nothing judgment in favor of Thunderbird Defendants on Plaintiffs' claims or for any other such relief to which they may be entitled.

Respectfully submitted,

James Holmes
State Bar No 00795424
holmes@holmeslawpllc.com
Andrea Seldowitz
State Bar No. 24088389
seldowitz@holmeslawpllc.com
**Holmes PLLC**
1601 Elm Street, Suite 1725
Dallas, Texas 75201
(214) 520-8292

**ATTORNEYS FOR DEFENDANTS
KERWIN STEPHENS & THUNDERBIRD
LAND SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, I served a true and correct copy of the forgoing instrument on the following counsel via e-filing:

Frank L. Branson
The Law Offices of Frank L. Branson P.C.
18th Floor, Highland Park Place
4514 Cole Avenue
Dallas, Texas 75205
*Counsel for Plaintiffs*

Eric T. Stahl
Law Offices of Eric T. Stahl
3212 Drexel Dr.
Dallas, Texas 75205
*Counsel for Plaintiffs*

Robert B. Wagstaff
McMahon Surovik Suttle, P.C.
400 Pine Street, Suite 800
Abilene, Texas 79601
*Counsel for Defendant Chester Carroll*

_____
James Holmes

# Exhibit 1

J. Robert Forshey
State Bar No. 07264200
Lynda L. Lankford
State Bar No. 11935020
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce St., Suite 2200
Fort Worth, TX  76102
Telephone: (817) 214-4990
Facsimile: (817) 214-4988
Bobby.forshey@vkh.com
lynda.lankford@vkhh.com

ATTORNEYS FOR REORGANIZED DEBTOR

James Holmes
State Bar No. 00795424
Andrea Seldowitz
State Bar No. 24088389
**HOLMES PLLC**
1601 Elm Street, Suite 1725
Dallas, Texas 75201
Telephone: (214) 520-8292
holmes@holmeslawpllc.com
seldowitz@holmeslawpllc.com

SPECIAL LITIGATION
COUNSEL FOR REORGANIZED DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 (V) |
| | § | |
| **KERWIN BURL STEPHENS,** | § | **Case No.:  21-40817-elm-11** |
| | § | |
| **Debtor.** | § | **Case No.:  21-41010-elm-11** |
| | § | |
| | § | **Case No.:  21-41011-elm- 11** |
| | § | |
| | § | **Jointly Administered Under** |
| | § | **Case No. 21-40817-elm-11** |
| | § | |
| | § | |

## MOTION TO ENFORCE PLAN AND PLAN INJUNCTION

**NO HEARING WILL BE HELD ON THIS APPLICATION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, ROOM 204, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON AUGUST 10, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON THE UNDERSIGNED COUNSEL FOR MOVANTS PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THIS APPLICATION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

---

Motion to Enforce Plan and Plan Injunction                                    Page 1

**EXHIBIT A
Page 8 of 29**

**THE NOTICE OF ANY HEARING, IF A TIMELY OBJECTION IS FILED, WILL BE SERVED SEPARATELY.**

TO THE HONORABLE EDWARD LEE MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Kerwin Stephens, as the Reorganized Debtor, and files this *Motion to Enforce Plan and Plan Injunction* ("Motion").

## I.   FACTUAL BACKGROUND

1.     The Reorganized Debtor is Kerwin Burl Stephens.

2.     The *Fourth Amended Plan of Reorganization for Debtor Kerwin Burl Stephens.* [Docket no. 551] ("Plan") was confirmed pursuant to an *Order Confirming Fourth Amended Plan of Reorganization for Debtor Kerwin Burl Stephens* [Docket no. 554] ("Confirmation Order"). The Plan went effective on February 4, 2026.  There was no appeal from the Confirmation Order.

3.     Under the Plan, the claims of Tiburon Land and Cattle, L.P. ("Tiburon"), and Trek Resources, Inc. ("Trek," and collectively, with Tiburon, the "Plaintiffs") will be liquidated through the following state court lawsuit ("Lawsuit"):

> *Tiburon Land and Cattle, L.P. and Trek Resources, Inc., Plaintiffs vs. Kerwin Stephens, et al., Defendants*, Cause No.: DC-2013-0016 in the 32nd District Court of Fisher County, Texas

4.     Tiburon has filed proof of claim no. 10, and Trek has filed proof of claim no. 11 (collectively, "Plaintiffs' POCs").  The findings by the state court in the above Lawsuit will be ultimately applied by this Court to determine the extent to which the Plaintiffs' POCs are to be allowed.

5.     Plaintiffs had filed the *State Court Plaintiffs' Third Motion to Lift Automatic Stay* [Docket no. 476] ("Third Motion") seeking to modify the automatic stay to allow the liquidation of the Plaintiffs' POCs through the Lawsuit.  On February 2, 2026, this Court entered an *Order Granting in Part, and Denying in Part, Third Motion to Lift Stay Filed by Tiburon Land and Cattle, L.P., and Trek Resources, Inc.* [Docket no. 552] ("Stay Order").  The Stay Order lifts the stay as

**EXHIBIT A**
**Page 9 of 29**

to the "Legal Relief" asserted in Plaintiffs' POCs. The automatic stay, however, remains in effect as to "Equitable Relief" sought in the Lawsuit because that relief was not included within, and is outside the scope of, Plaintiffs' POCs. This was based on an earlier order denying a motion to estimate Plaintiffs' claims filed by the Debtor.

6. Based on the terms of the Plan and the Stay Order, Plaintiffs' POCs will be liquidated through the Lawsuit. However, the payment of Plaintiffs' POCs is controlled by the Plan and Confirmation Order, including the post-petition rate of interest to be paid on Plaintiffs' Class 2 Claims, to the extent they are allowed.

## A. Provisions of Plan

7. Plaintiffs' Claims are treated as a part of Class 2 under the Plan. Section 5.2(f) of the Plan provides for the payment of post-petition interest on Plaintiff's Class 2 Claims as follows:

> (f) Holders of Allowed Class 2 Claims shall receive interest on such Claims at the legal rate pursuant to section 726(b)(5).

8. Section 5.3(c) and 5.4(a) also provides payment of interest to Class 3 (General Unsecured Creditors) and Class 4 (Convenience Claims) at the legal rate under section 726(b)(5).

9. Section 7.5(o) of the Plan deals with the payment of interest on Allowed Claims from the Distribution Fund set up to pay the Class 2 Claims to the extent allowed:

> o) Holders of Distribution Fund Claims shall receive a Pro Rata Share of each Distribution from the Distribution Fund. Distributions from the Distribution Fund shall be allocated first to satisfy any and all Distribution Fund Claims which do not consist of Exemplary Damages, then to satisfy any Distribution Fund Claims which consist of Exemplary Damages, and then to interest pursuant to section 726(a)(5).

10. The Plan Injunction is set forth in section 13.3 of the Plan and effectively enjoins Plaintiffs from asserting any rights against the Reorganized Debtor except as set forth in the Plan.

---

**EXHIBIT A**
**Page 10 of 29**

**B.** **Provisions of the Confirmation Order**

11. The Confirmation Order is likewise specific that Plaintiffs will receive interest on any Allowed Class 2 Claims at the legal rate of interest pursuant to 28 U.S.C., section 1961. This rate was .06% (six-tenths of one percent) on the day this Chapter 11 case was filed.

12. Paragraph 28 of the Confirmation Order deals with the best interests of the creditors test under section 1129(a)(7). The last two sentences of paragraph 28 provide as follows:

> Holders of Distribution Fund Claims included in Classes 2, 3, and 5 will receive interest on their Allowed Claims pursuant to section 726(a)(5) at the federal judgment rate pursuant to 28 U.S.C., section 1961, applicable on April 7, 2021, the date this bankruptcy case was filed. For the period between April 2 and April 9, 2021, the applicable rate was 0.06% per an annum.

13. The Confirmation Order specifically addresses the applicable rate under section 726(a)(5) in paragraph 47 as follows:

> Application of Section 726(a)(5). The Plan provides that certain holders of Allowed Claims are entitled to interest on such Claims as provided in section 726(a)(5). This requires payment of interest on such allowed Claims from the petition date (April 7, 2021) until paid at the federal judgment rate pursuant to section 28 U.S.C., section 1961. On the Petition Date, that rate was 0.06% (six-tenths of one percent) per annum.

### The Issue of Interest on the Class 2 Claims

14. The parties have been moving forward with the liquidation of Plaintiffs' POCs through the Lawsuit. The trial court in the Lawsuit has indicated that it will enter a judgment in favor of Plaintiffs based on the jury verdict. Based on that, the issue of interest on the judgment has become an issue.

15. The Reorganized Debtor has advised the Plaintiffs and the state district court that the award of interest on Plaintiffs' Class 2 Claims from and after the April 7, 2021 petition date is governed by the terms of the Debtor's Plan and the Confirmation Order which are set forth

**EXHIBIT A**
**Page 11 of 29**

above. The terms of the Plan and Confirmation Order notwithstanding, Plaintiffs dispute this proposition.

16. Attached to the Motion as **Exhibit "A"** is a copy of Plaintiffs' Sur-Reply Brief in Support of their Proposed Judgment (without the attachments) served on July 13, 2026. As reflected on the first page of the Brief, Plaintiffs deny that their recovery of interest in their claim is controlled by the Plan, and argue as follows:

> Citing to no legal authority in their reply brief filed on July 7, 2026, the Stephens Defendants argue that for purposes of calculating the pre-judgment interest for the judgment, the Court should use the rate of 0.06% as set forth in the Bankruptcy Plan which is based on the federal interest rate governed by 28 U.S.C. section § 1961 and the date that Kerwin Stephens filed his petition for bankruptcy. *See* Reply at 2-3. Their argument is incorrect and without any legal support.

17. It is unclear why the Plan and Confirmation Order do not constitute legal support for the rate of interest to be paid on Plaintiffs' Class 2 Claims to the extent they are allowed.

### Motion to Enforce Plan and Confirmation Order

18. Plaintiffs' right to interest on any Allowed Class 2 Claim is governed by the Plan. The Reorganized Debtor moves the Court to confirm and enforce the terms of the Plan and Confirmation Order regarding the interest payable to any Allowed Class 2 Claim. This is governed by 28 U.S.C., section 1961, and is six-tenths of one percent. The Reorganized Debtor further moves the Court to enforce the terms of the Plan and Confirmation Order, including the Plan Injunction, as to the interest rate payable to Plaintiffs as the Class 2 Creditors under the Plan.

19. This issue could perhaps be resolved if and when Plaintiffs obtain a judgment through the Lawsuit and present the issue to the Court when moving for the allowance of their Class 2 Claims. However, the Reorganized Debtor, not intending to slumber on his rights, believed it better to raise this issue with the Court prompting so that the issue might be expeditiously addressed once and for all time.

**EXHIBIT A**
**Page 12 of 29**

## PRAYER FOR RELIEF

ACCORDINGLY, the Reorganized Debtor moves the Court to grant the relief set forth above, and for such other and further relief to which the Reorganized Debtor may be entitled.

Dated: July 17, 2026

Respectfully submitted,

*/s/ J. Robert Forshey*
J. Robert Forshey
State Bar No. 07264200
Lynda L. Lankford
State Bar No. 11935020
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce St., Suite 2200
Fort Worth, TX 76102
Telephone: (817) 214-4990
Facsimile: (817) 214-4988
bobby.forshey@vkhh.com
lynda.lankford@vkhh.com

**ATTORNEYS FOR REORGANIZED DEBTOR**

and
James Holmes
State Bar No. 00795424
State Bar No. 00795424
Andrea Seldowitz
State Bar No. 24088389
**HOLMES PLLC**
1601 Elm Street, Suite 1725
Dallas, Texas 75201
(214) 520-8292 Main
holmes@holmeslawpllc.com
seldowitz@holmeslawpllc.com

**SPECIAL LITIGATION COUNSEL FOR
REORGANIZED DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed below via email, and via United States Mail, first class postage prepaid, or via ECF electronic Notice, if available, on July 17, 2026.

---

**EXHIBIT A
Page 13 of 29**

United States Trustee
Attn: Erin Schmidt, Trial Attorney
Attn: Elizabeth Young, Trial Attorney
1100 Commerce Street, Room 976
Dallas, TX 75242
Email: erin.schmidt2@usdoj.gov
Email: elizabeth.a.young@usdoj.gov

Areya Holder Aurzada
Subchapter V Trustee
Holder Law
PO Box 2105
Addison, TX 75001-2105
areya@holderlawpc.com

James Holmes
Holmes PLLC
1601 Elm Street, Suite 1725
Dallas, Texas 75201
holmes@holmeslawpllc.com

Eric T. Stahl
The Law Offices of Eric T. Stahl
3212 Drexel Dr.
Dallas, Texas 75205
office@etstahl.com

Frank Branson
The Law Offices of Frank L. Branson, PC
4514 Cole Avenue, 18th Floor
Dallas, Texas 75205-4185
flbranson@flbranson.com

Jeffrey S. Levinger
Levinger PC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
jlevinger@levingerpc.com

Robert B. Wagstaff
McMahon Surovik Suttle, P.C.
400 Pine St., Suite 800
Abilene, Texas 79601
rwagstaff@mcmahonlawtx.com

Behrooz Vida
The Vida Law Firm, PLLC
3000 Central Drive
Bedford, Texas 76021
filings@vidalawfirm.com

John D Spicer
Cavazos Hendricks Poirot, P.C.
900 Jackson Street, Suite 570
Dallas, Texas 75202
jspicer@chfirm.com

Tim D. Newsom
Law Offices of Frank L. Branson P.C
4514 Cole Avenue, Suite 1800
Dallas, Texas 75205
newsom@flbransom.com

Tim D. Newsom
Law Offices of Frank L. Branson P.C
4514 Cole Avenue, Suite 1800
Dallas, Texas 75205
newsom@flbransom.com

`

/s/ *J. Robert Forshey*
J. Robert Forshey

**EXHIBIT A**
**Page 14 of 29**

# Exhibit 2

J. Robert Forshey
State Bar No. 07264200
Lynda L. Lankford
State Bar No. 11935020
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce St., Suite 2200
Fort Worth, TX  76102
Telephone: (817) 214-4990
Facsimile: (817) 214-4988
Bobby.forshey@vkh.com
lynda.lankford@vkhh.com

ATTORNEYS FOR REORGANIZED DEBTOR

James Holmes
State Bar No. 00795424
Andrea Seldowitz
State Bar No. 24088389
**HOLMES PLLC**
1601 Elm Street, Suite 1725
Dallas, Texas 75201
Telephone: (214) 520-8292
holmes@holmeslawpllc.com
seldowitz@holmeslawpllc.com

SPECIAL LITIGATION
COUNSEL FOR REORGANIZED DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 (V) |
| **KERWIN BURL STEPHENS,** | **Case No.:  21-40817-elm-11** |
| **Debtor.** | **Case No.:  21-41010-elm-11** |
| | **Case No.:  21-41011-elm- 11** |
| | **Jointly Administered Under Case No. 21-40817-elm-11** |

**REORGANIZED DEBTOR'S MOTION TO (A) DETERMINE EXTENT OF
AUTOMATIC STAY, (B) ENFORCE AUTOMATIC STAY, AND (C) RELATED RELIEF**

**NO HEARING WILL BE HELD ON THIS APPLICATION
UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK
OF THE UNITED STATES BANKRUPTCY COURT AT 501 W.
10TH STREET, ROOM 204, FORT WORTH, TEXAS 76102
BEFORE CLOSE OF BUSINESS ON AUGUST 10, 2026, WHICH
IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE
CLERK, AND A COPY SHALL BE SERVED UPON THE
UNDERSIGNED COUNSEL FOR MOVANTS PRIOR TO THE
DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS
FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE
OBJECTING PARTY.**

**IF NO HEARING ON THIS APPLICATION IS TIMELY
REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED
TO BE UNOPPOSED, AND THE COURT MAY ENTER AN
ORDER GRANTING THE RELIEF SOUGHT.**

**EXHIBIT A
Page 16 of 29**

**THE NOTICE OF ANY HEARING, IF A TIMELY OBJECTION IS
FILED, WILL BE SERVED SEPARATELY.**

TO THE HONORABLE EDWARD LEE MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Kerwin Stephens, as the Reorganized Debtor, and files this *Reorganized Debtor's Motion to (A) Determine Extent of Automatic Stay, (B) Enforce Automatic Stay, and (C) Related Relief* ("Motion").

## I.   FACTUAL BACKGROUND

### A. Plan of Reorganization

1.      The Reorganized Debtor is Kerwin Burl Stephens.

2.      The *Fourth Amended Plan of Reorganization for Debtor Kerwin Burl Stephens.* [Docket no. 551] ("Plan") was confirmed pursuant to an *Order Confirming Fourth Amended Plan of Reorganization for Debtor Kerwin Burl Stephens* [Docket no. 554] ("Confirmation Order"). The Plan went effective on February 4, 2026 [Docket no. 556].

3.      Under the Plan, the claims of Tiburon Land and Cattle, L.P. ("Tiburon"), and Trek Resources, Inc. ("Trek," and collectively, with Tiburon, the "Plaintiffs") will to be liquidated through the following state court lawsuit ("Lawsuit"):

> *Tiburon Land and Cattle, L.P. and Trek Resources, Inc., Plaintiffs
> vs. Kerwin Stephens, et al., Defendants*, Cause No.: DC-2013-0016
> in the 32nd District Court of Fisher County, Texas

4.      Tiburon has filed proof of claim no. 10, and Trek has filed proof of claim no. 11 (collectively, the "Plaintiffs' POCs"). As explained below, the findings by the state court in the Lawsuit will be ultimately applied by this Court to determine the extent to which the Plaintiffs' POCs are to be allowed.

5.      Plaintiffs had filed the *State Court Plaintiffs' Third Motion to Lift Automatic Stay* [Docket no. 476] ("Third Motion") seeking to modify the automatic stay to allow the liquidation of the Plaintiffs' POCs through the Lawsuit. On February 2, 2026, this Court entered an *Order Granting in Part, and Denying in Part, Third Motion to Lift Stay Filed by Tiburon Land and Cattle,*

---

*L.P., and Trek Resources, Inc.* [Docket no. 552] ("Stay Order"). The Stay Order lifts the stay as to the "Legal Relief" asserted in Plaintiffs' POCs. The automatic stay, however, remains in effect as to "Equitable Relief" sought in the Lawsuit because that relief was not included within, and is outside the scope of, Plaintiffs' POCs. This was based on an earlier order denying a motion to estimate Plaintiffs' claims filed by the Debtor.

6. The Debtor had filed a *Debtor's Second Motion to Estimate Claims of Tiburon Land & Cattle, LP and Trek Resources, Inc. Pursuant to Section 502(c) of the Bankruptcy Code* [Docket no. 160] ("Estimation Motion") seeking the estimation of Plaintiffs' claims asserted through the Lawsuit. The Court ultimately entered an *Order Denying Debtor's Second Motion to Estimate Claims as Moot* [Docket no. 298] ("Prior Estimation Order") on the basis that it was moot.

7. In the Prior Estimation Order, the Court addressed representations by Plaintiffs' counsel at the hearing on the Estimation Motion that the Plaintiffs' POCs did not extend to or include "Equitable Relief." This is found on page 3 of the Prior Estimation Order.

8. This is based on representations by Plaintiffs' counsel during the hearing on the Estimation Motion on November 16, 2021. During the hearing, Plaintiffs' counsel stated to the Court that Plaintiffs' POCs were based on legal damages (Docket no. 390, p. 137 at L.15-21). The Court asked Plaintiffs' counsel to confirm that the Plaintiffs' POCs contained no request for equitable relief. (*Id*. at 1.25). Plaintiffs' counsel then confirmed that the Plaintiffs' POCs were based legal claims and that there was no request for equitable relief. (*Id*., p. 138 at L.1-2, p. 140, L. 2-6 and L.12-13). In questioning Debtor's counsel later in the hearing, the Court noted, "I had a representation today that they [Plaintiffs] are not asking for that [Equitable Relief] as a part of their claim." (*Id*., p. 148, L. 25, p. 149, L.1-2). Plaintiffs' counsel made no response contesting this statement by the Court.

9. The extent of the relief sought in Plaintiffs' POCs was confirmed in one of

Reorganized Debtor's Motion to (A) Determine Extent of Automatic
Stay, (B) Enforce Automatic Stay, and (C) Related Relief                           Page 3

**EXHIBIT A**
**Page 18 of 29**

Plaintiffs' Briefs filed in Adversary No. 21-04040 at Adv. docket no. 64 which stated as follows at page 9 of 15.

> 9. Plaintiffs seek rendition of judgment against Defendants on three distinct claims for breach of fiduciary duties: Q7, Q8, and Q14. *See* Adv. Dkt. 53 Pls' Supp Br to Mtn for Entry of Judgment.

> 10. **Plaintiffs do not seek judgment based on any of the following: disgorgement or equity claims (Q21, Q22); breach of contract (Q24, Q25); tortious interference with contract and related defenses (Q15, Q16); and any claims stemming from the Jury's finding that Three Finger Black Shale is a partnership (Q1).** Id. Defendants' repeated recitations to the Jury's findings for charge questions on these claims have no relevance to the Jury's findings for charge questions on the three distinct claims for breach of fiduciary duties for which Plaintiffs are seeking rendition of judgment. See Adv. Dkt. 52 Def's Supp Br to Renewed JNOV Motion (cited as "DX Br") at 12-18, V.B.D.

(emphasis added)

10.    The above makes explicit that Plaintiffs' POCs do not include "disgorgement or equity claims (Q. 21, Q. 22);…." It also confirms Plaintiffs' withdrawal of Question 15 relating to tortious interference as a basis for relief. The relief sought by Plaintiffs through the Plaintiffs' POC is limited to a recovery through Question 7, 8, and 14.

11.    The Stay Order notes that in the Prior Estimation Order at page 3, the Court found that "the Plaintiffs have limited the relief sought pursuant to Plaintiffs' POCs and the Bankruptcy Claims to Legal Relief alone." Consequently, because the Plaintiffs' POCS did not include the Equitable Claims, the automatic stay was modified "to enable the Plaintiffs to move forward in the State Court Action solely for the purposes of liquidating Plaintiffs' claims for Legal Relief asserted in Plaintiffs' POCS (as such term is defined in the Prior Estimation Order)…." However, the automatic stay was not modified to allow the Plaintiffs to pursue the liquidation through the Lawsuit of any Equitable Claims because such claims are outside the scope of the Plaintiffs' POCs.

12.    Likewise, Plaintiffs have withdrawn Question 15 as a basis for relief. That

---

Reorganized Debtor's Motion to (A) Determine Extent of Automatic
Stay, (B) Enforce Automatic Stay, and (C) Related Relief                              Page 4

question cannot constitute a basis for the allowance of Plaintiffs' POCs.  As relief outside the scope of Plaintiffs' POCs, the stay remains in effect as to Question 15.

13.     Based on the above, it is clear that the claims asserted in Plaintiffs' POCs are based upon the responses to Questions 7, 8, and 14, and do not encompass either of Questions 15 or 21.  As such, the automatic stay remains in effect as any relief through the Lawsuit based on either question.

## II.     Request to Construe and Enforce Stay Order

14.     This Court has "core" jurisdiction to construe and enforce its own orders.  *In re Skyport Global Communications, Inc.*, 450 B.R. 637, 645 (S.D. Tex. 2011); *In re National Gypsum, Co.*, 118 F.3d 1056, 1063 (5th Cir. 1997).

15.     The Stay Order modifies the automatic stay to allow Plaintiffs to liquidate their claims through the Plaintiffs' POCs through the Lawsuit.

16.     The above section from Plaintiffs' Brief clearly states that Plaintiffs seek judgment for the Question 10(A), 10(B), and 17 damages based on the responses to Questions 7, 8, and 14 in the Charge.  Plaintiffs do not seek to use the response to Question 15 as support for the Question 17 damages.

17.     Question 21 is equitable relief outside the scope of the Question 10(A), 10(B), and 17 damages.  Likewise, the above segment of the Brief indicates that Plaintiffs do not seek to use Question 21 as support for their claims.

18.     The modification of the automatic stay pursuant to the Stay Order does not extend to claims for relief outside the scope of those asserted by Plaintiffs through the Plaintiffs' POCs.

19.     The Reorganized Debtor moves the Court to construe the Stay Order as not granting relief from the stay as to allow Plaintiffs to seek any relief through the Lawsuit which is based upon in any manner upon either Question 15 or Question 21.

---

## **CONCLUSION**

20.     The Reorganized Debtor moves the Court to construe the Stay Order as not modifying the automatic stay to allow Plaintiffs to seek relief in the Lawsuit based on Question 15 or 21.  Stated in the converse, the Reorganized Debtor moves the Court to construe the Stay Order to provide that the automatic stay remains in effect as to seeking any relief in the Lawsuit based on Questions 15 or 28.

21.     The Reorganized Debtor likewise seeks to enforce the Stay Order as construed by the Court.

## **PRAYER FOR RELIEF**

ACCORDINGLY, the Reorganized Debtor moves the Court to construe and enforce the Stay Order as set forth above, and for all such other relief to which the Reorganized Debtor may be entitled.


Dated: July 17, 2026                          Respectfully submitted,

*/s/ J. Robert Forshey*
J. Robert Forshey
State Bar No. 07264200
Lynda L. Lankford
State Bar No. 11935020
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce St., Suite 2200
Fort Worth, TX  76102
Telephone: (817) 214-4990
Facsimile:  (817) 214-4988
bobby.forshey@vkhh.com
lynda.lankford@vkhh.com

**ATTORNEYS FOR REORGANIZED DEBTOR**

and
James Holmes
State Bar No. 00795424
State Bar No. 00795424
Andrea Seldowitz
State Bar No. 24088389
**HOLMES PLLC**

Reorganized Debtor's Motion to (A) Determine Extent of Automatic
Stay, (B) Enforce Automatic Stay, and (C) Related Relief                          Page 6

**EXHIBIT A**
**Page 21 of 29**

1601 Elm Street, Suite 1725
Dallas, Texas 75201
(214) 520-8292 Main
holmes@holmeslawpllc.com
seldowitz@holmeslawpllc.com

**SPECIAL LITIGATION COUNSEL FOR
REORGANIZED DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed below via email, and via United States Mail, first class postage prepaid, or via ECF electronic Notice, if available, on July 17, 2026.

United States Trustee
Attn: Erin Schmidt, Trial Attorney
Attn: Elizabeth Young, Trial Attorney
1100 Commerce Street, Room 976
Dallas, TX 75242
Email: erin.schmidt2@usdoj.gov
Email: elizabeth.a.young@usdoj.gov

Areya Holder Aurzada
Subchapter V Trustee
Holder Law
PO Box 2105
Addison, TX 75001-2105
areya@holderlawpc.com

James Holmes
Holmes PLLC
1601 Elm Street, Suite 1725
Dallas, Texas 75201
holmes@holmeslawpllc.com

Eric T. Stahl
The Law Offices of Eric T. Stahl
3212 Drexel Dr.
Dallas, Texas 75205
office@etstahl.com

Frank Branson
The Law Offices of Frank L. Branson, PC
4514 Cole Avenue, 18th Floor
Dallas, Texas 75205-4185
flbranson@flbranson.com

Jeffrey S. Levinger
Levinger PC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
jlevinger@levingerpc.com

Robert B. Wagstaff
McMahon Surovik Suttle, P.C.
400 Pine St., Suite 800
Abilene, Texas 79601
rwagstaff@mcmahonlawtx.com

Behrooz Vida
The Vida Law Firm, PLLC
3000 Central Drive
Bedford, Texas 76021
filings@vidalawfirm.com

**EXHIBIT A
Page 22 of 29**

John D Spicer
Cavazos Hendricks Poirot, P.C.
900 Jackson Street, Suite 570
Dallas, Texas 75202
jspicer@chfirm.com

Tim D. Newsom
Law Offices of Frank L. Branson P.C
4514 Cole Avenue, Suite 1800
Dallas, Texas 75205
newsom@flbransom.com .

Kerwin Stephens
Stephens & Myers, LLP
515 Fourth Street
Graham, Texas 76450
lawoffice@stephensandmyers.com

`

/s/ *J. Robert Forshey*
J. Robert Forshey

**EXHIBIT A**
**Page 23 of 29**

# Exhibit 3



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 2, 2026**

_____

**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11 (V)** |
| | § | |
| **KERWIN BURL STEPHENS,** | § | **Case No.: 21-40817-elm-11** |
| | § | |
| **THUNDERBIRD OIL & GAS, LLC,** | § | **Case No.: 21-41010-elm-11** |
| | § | |
| **THUNDERBIRD RESOURCES, LLC,** | § | **Case No.: 21-41011-elm- 11** |
| | § | |
| **Debtors.** | § | **Jointly Administered Under** |
| | § | **Case No. 21-40817-elm-11** |

**ORDER GRANTING IN PART, AND DENYING IN PART, THIRD MOTION TO LIFT STAY
FILED BY TIBURON LAND AND CATTLE, LP AND TREK RESOURCES, INC.**

On December 9, 2025, the Court announced its ruling relating to a hearing held on

November 5, 2025 (the "Hearing") in the above referenced jointly administered chapter 11 cases

of Kerwin Burl Stephens, Thunderbird Oil & Gas, LLC and Thunderbird Resources, LLC

(collectively, the "Debtors") on the *State Court Plaintiffs' Third Motion to Lift Automatic Stay* (the

"Motion") [Docket No. 476] filed by Tiburon Land and Cattle, LP ("Tiburon") and Trek Resources,

1

**EXHIBIT A
Page 25 of 29**

Inc. ("Trek") (together, Tiburon and Trek herein are referred to as the "Plaintiffs"), and the

*Response by Debtors Kerwin Burl Stephens, Thunderbird Oil & Gas, LLC and Thunderbird*

*Resources, LLC to Plaintiffs' Third Motion for Relief from the Stay* [Docket No. 487] filed by the

Debtors. The Motion seeks an order to condition, modify, or annul the automatic stay (the

"Stay") imposed by 11 U.S.C. § 362 of the Bankruptcy Code to allow the Plaintiffs to obtain a

final judgment in the litigation pending in the 32nd District Court of Fisher County, Texas (the

"State Court") and styled as Tiburon Land and Cattle, LP et al. v. Kerwin Stephens et al., Cause

No. DC2013-0016 (the "State Court Action").

After considering the evidence presented and the arguments of counsel at the Hearing,

and having considered the record in this case, the Court announced certain findings of fact and

conclusions of law on the record, which are incorporated herein by reference.  In particular, the

Court referred to its *Order Denying Debtor's Second Motion to Estimate Claims as Moot* [Docket

No. 298] (the "Prior Estimation Order"), wherein the Court found on page 3 thereof that "the

Plaintiffs have limited the relief sought pursuant to the Plaintiffs' POCs and the Bankruptcy

Claims to Legal Relief alone."

Upon the foregoing, it is hereby **ORDERED** that:

1. The Motion is granted in part and denied in part as provided herein.

2. The Motion is granted in part, and the Stay is lifted for cause, to enable the

Plaintiffs to move forward in the State Court Action solely for the purpose of liquidating Plaintiffs'

claims for Legal Relief asserted in Plaintiffs' POCs (as such term is used and defined in the

Prior Estimation Order) based upon the jury verdict obtained in the State Court Action, including

any appeals therefrom.

3. The Stay remains in effect as to the collection from the Debtors of any amount

awarded to the Plaintiffs in a final judgment by the State Court in the State Court Action.

4. This Court retains exclusive jurisdiction, and Stay relief is not granted, with

respect to the allowance of Plaintiffs' liquidated claims, if any, in these bankruptcy cases.

2

**EXHIBIT A**
**Page 26 of 29**

5. The Motion is denied to the extent relief from the Stay is not granted by this

Order.

### End of Order ###

**APPROVED AS TO FORM:**

*/s/ J. Robert Forshey*
J. Robert Forshey
State Bar No. 07264200
Lynda L. Lankford
State Bar No. 11935020
**Vartabedian Hester & Haynes Llp**
301 Commerce Street, Suite 2200
Fort Worth, TX  76102
(817) 214-4990 Tel.
(817) 214-4988 Fax
bobby.forshey@vhh.law
lynda.lankford@vhh.law

**ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

*/s/ John Dee Spicer*
John Dee Spicer
State Bar No. 18930500
**Cavazos Hendricks Poirot, P.C.**
900 Jackson St., Suite 570
Dallas, Texas 75202-4425
(214) 573-7300 Tel.
jspicer@chfirm.com

**COUNSEL FOR TIBURON LAND
AND CATTLE, LP and
TREK RESOURCES, INC.**

3

**EXHIBIT A
Page 27 of 29**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Morgan Reyes on behalf of James Holmes
Bar No. 795424
reyes@holmeslawpllc.com
Envelope ID: 117610423
Filing Code Description: Motion (No Fee)
Filing Description: KS and TBD Notice of Bankruptcy Filings and Motion to Stay
Status as of 7/21/2026 11:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert BWagstaff | | rwagstaff@mss.law | 7/21/2026 11:05:52 AM | SENT |
| Amanda Livezey | | alivezey@mss.law | 7/21/2026 11:05:52 AM | SENT |
| Jonathan Childers | 24050411 | jchilders@lynnllp.com | 7/21/2026 11:05:52 AM | SENT |
| Michael Hurst | 10316310 | mhurst@lynnllp.com | 7/21/2026 11:05:52 AM | SENT |
| Jody Sanders | 24051287 | jody.sanders@kellyhart.com | 7/21/2026 11:05:52 AM | SENT |
| Jessica Haile | 24071580 | jhaile@mss.law | 7/21/2026 11:05:52 AM | SENT |
| Rick Strange | 19356700 | rick@permianlaw.com | 7/21/2026 11:05:52 AM | SENT |
| Andrea Seldowitz | 24088389 | andrea.seldowitz@gmail.com | 7/21/2026 11:05:52 AM | SENT |
| Robert Aldrich | 984100 | raldrich@canteyhanger.com | 7/21/2026 11:05:52 AM | SENT |
| Robert Wagstaff | 20665000 | rwagstaff@mss.law | 7/21/2026 11:05:52 AM | SENT |
| Joseph Drennan | 24080652 | joe@DLFlawfirm.com | 7/21/2026 11:05:52 AM | SENT |
| Kelly Gill | 7921350 | kgill@mcmahonlawtx.com | 7/21/2026 11:05:52 AM | SENT |
| Michael Hall | 24057881 | michaelisaachall@yahoo.com | 7/21/2026 11:05:52 AM | SENT |
| David Keltner | 11249500 | david.keltner@kellyhart.com | 7/21/2026 11:05:52 AM | SENT |
| Frank Branson | 2899000 | flbranson@flbranson.com | 7/21/2026 11:05:52 AM | SENT |
| H. Alan Carmichael | 3821600 | alan@bhlawgroup.com | 7/21/2026 11:05:52 AM | SENT |
| James Holmes | 795424 | holmes@holmeslawpllc.com | 7/21/2026 11:05:52 AM | SENT |
| Darrell Cook | 787279 | dwcook@attorneycook.com | 7/21/2026 11:05:52 AM | SENT |
| Lisa Chavez | 24051594 | lisachavez993@gmail.com | 7/21/2026 11:05:52 AM | SENT |
| Jordyn Christian-Gingras | | jordyn@jcglegalgroup.com | 7/21/2026 11:05:52 AM | SENT |
| James R.Gravley | | jim@gravleyleggett.com | 7/21/2026 11:05:52 AM | SENT |
| Robin McCormack | | mccormack@holmeslawpllc.com | 7/21/2026 11:05:52 AM | SENT |

**EXHIBIT A**
**Page 28 of 29**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Morgan Reyes on behalf of James Holmes
Bar No. 795424
reyes@holmeslawpllc.com
Envelope ID: 117610423
Filing Code Description: Motion (No Fee)
Filing Description: KS and TBD Notice of Bankruptcy Filings and Motion to
Stay
Status as of 7/21/2026 11:32 AM CST

Case Contacts

| Robin McCormack | | mccormack@holmeslawpllc.com | 7/21/2026 11:05:52 AM | SENT |
|---|---|---|---|---|
| Mary Ellen PSmith | | maryellen@grishamkendall.com | 7/21/2026 11:05:52 AM | SENT |
| Tim D.Newsom | | efiletn@flbranson.com | 7/21/2026 11:05:52 AM | SENT |
| Michelle Spear-Weisse | | mspear@lynnllp.com | 7/21/2026 11:05:52 AM | SENT |
| Eric Stahl | | office@etstahl.com | 7/21/2026 11:05:52 AM | SENT |

**EXHIBIT A**
**Page 29 of 29**

CAUSE NO. DC-2013-00016

| | | |
|---|---|---|
| L.W. HUNT RESOURCES, LLC and<br>RICHARD RAUGHTON, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| Intervenors, | § <br> § | |
| TIBURON LAND AND CATTLE, LP and<br>TREK RESOURCES, INC., | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | FISHER COUNTY, TEXAS |
| CHESTER CARROLL, ALPINE<br>PETROLEUM, KERWIN STEPHENS,<br>THUNDERBIRD OIL & GAS, LLC,<br>THUNDERBIRD LAND SERVICES, LLC,<br>THUNDERBIRD RESOURCES, LLC,<br>GAIL GOEBEL STEPHENS, and<br>STEPHENS & MYERS, LLP | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| Defendants, | § <br> § | |
| v. | § <br> § | |
| L.W. HUNT RESOURCES, LLC and<br>RICHARD RAUGHTON, | § <br> § <br> § | |
| Counter-Defendants. | § | 32nd DISTRICT COURT |

## ORDER GRANTING DEFENDANTS KERWIN STEPHENS AND THUNDERBIRD LAND SERVICES, LLC'S MOTION TO STAY

On this day the Court considered the Notice of Bankruptcy Filings and Motion to Stay by Defendants Stephens and Thunderbird Land Services, LLC (collectively, the "Thunderbird Defendants"). Having read the Notice and Motion and all related filings, the Court FINDS good cause for the Motion to Stay and GRANTS it.

Proceedings in this Cause are stayed until further order by this Court to lift the stay.

Filed 7/27/2026 1:57 PM
Gina Pasley
District Clerk
Fisher County, Texas

Gina Pasley

---

**ORDER GRANTING MOTION TO STAY**    EXHIBIT B    **Page 1**

Page 1 of 4

So Ordered this **27** day of _____**July**_____, 2026.


_____
Hon. Lee Hamilton, Judge Presiding
Sitting by Assignment

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 117858002
Filing Code Description: Order
Filing Description: ORDER GRANTING STAY
Status as of 7/27/2026 2:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert BWagstaff | | rwagstaff@mss.law | 7/27/2026 1:57:17 PM | SENT |
| Amanda Livezey | | alivezey@mss.law | 7/27/2026 1:57:17 PM | SENT |
| Jonathan Childers | 24050411 | jchilders@lynnllp.com | 7/27/2026 1:57:17 PM | SENT |
| Michael Hurst | 10316310 | mhurst@lynnllp.com | 7/27/2026 1:57:17 PM | SENT |
| Jody Sanders | 24051287 | jody.sanders@kellyhart.com | 7/27/2026 1:57:17 PM | SENT |
| Jessica Haile | 24071580 | jhaile@mss.law | 7/27/2026 1:57:17 PM | SENT |
| Rick Strange | 19356700 | rick@permianlaw.com | 7/27/2026 1:57:17 PM | SENT |
| Andrea Seldowitz | 24088389 | andrea.seldowitz@gmail.com | 7/27/2026 1:57:17 PM | SENT |
| Robert Aldrich | 984100 | raldrich@canteyhanger.com | 7/27/2026 1:57:17 PM | SENT |
| Robert Wagstaff | 20665000 | rwagstaff@mss.law | 7/27/2026 1:57:17 PM | SENT |
| Joseph Drennan | 24080652 | joe@DLFlawfirm.com | 7/27/2026 1:57:17 PM | SENT |
| Kelly Gill | 7921350 | kgill@mcmahonlawtx.com | 7/27/2026 1:57:17 PM | SENT |
| Michael Hall | 24057881 | michaelisaachall@yahoo.com | 7/27/2026 1:57:17 PM | SENT |
| David Keltner | 11249500 | david.keltner@kellyhart.com | 7/27/2026 1:57:17 PM | SENT |
| Frank Branson | 2899000 | flbranson@flbranson.com | 7/27/2026 1:57:17 PM | SENT |
| H. Alan Carmichael | 3821600 | alan@bhlawgroup.com | 7/27/2026 1:57:17 PM | SENT |
| James Holmes | 795424 | holmes@holmeslawpllc.com | 7/27/2026 1:57:17 PM | SENT |
| Darrell Cook | 787279 | dwcook@attorneycook.com | 7/27/2026 1:57:17 PM | SENT |
| Lisa Chavez | 24051594 | lisachavez993@gmail.com | 7/27/2026 1:57:17 PM | SENT |
| Jordyn Christian-Gingras | | jordyn@jcglegalgroup.com | 7/27/2026 1:57:17 PM | SENT |
| James R.Gravley | | jim@gravleyleggett.com | 7/27/2026 1:57:17 PM | SENT |
| Robin McCormack | | mccormack@holmeslawpllc.com | 7/27/2026 1:57:17 PM | SENT |

**EXHIBIT B**
**Page 3 of 4**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 117858002
Filing Code Description: Order
Filing Description: ORDER GRANTING STAY
Status as of 7/27/2026 2:19 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Robin McCormack | | mccormack@holmeslawpllc.com | 7/27/2026 1:57:17 PM | SENT |
| Mary Ellen PSmith | | maryellen@grishamkendall.com | 7/27/2026 1:57:17 PM | SENT |
| Tim D.Newsom | | efiletn@flbranson.com | 7/27/2026 1:57:17 PM | SENT |
| Michelle Spear-Weisse | | mspear@lynnllp.com | 7/27/2026 1:57:17 PM | SENT |
| Eric Stahl | | office@etstahl.com | 7/27/2026 1:57:17 PM | SENT |

**EXHIBIT B**
**Page 4 of 4**